IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BRANDON COLLINS,**

      **Plaintiff,**

v.                                                                                                             No. 1:21-cv-00694

**BERNALILLO POLICE DEPARTMENT,**
**TOWN OF BERNALILLO,**
**MONICA TORRES, former Bernalillo Police Officer,**
**In Her Individual and representative capacity,**
**TOM ROMERO, former Chief of Bernalillo Police Department**
**In his individual and representative capacity,**
**CHRIS STOYELL, Bernalillo Police Department**
**In his Individual and representative capacity,**
**TIMOTHY TYLER, Bernalillo Police Department**
**In his individual and representative capacity,**
**STEVEN SHUTIVA, Bernalillo Police Department**
**In his individual and representative capacity,**
**SHAUN VIGIL, Bernalillo Police Department**
**In his individual and representative capacity,**

      **Defendants.**

### DEFENDANTS TOWN OF BERNALILLO, TOM ROMERO, CHRIS STOYELL AND TIMOTHY TYLER'S ANSWER TO PLAINTIFF'S COMPLAINT

**COME NOW** Defendants Town of Bernalillo, Tom Romero, Chris Stoyell, and Timothy Tyler, (collectively, "Town Defendants") by and through their attorneys of record, Brennan & Sullivan, P.A., and for their Answer to Plaintiff's Complaint state as follows:

1. Paragraph 1 of the Complaint is a legal conclusion for which no response is required. Town Defendants deny any allegation or implication of liability contained in this paragraph.

2. Paragraph 2 of the Complaint is a legal conclusion for which no response is required. Town Defendants, however, do not dispute venue in the United States District Court for the District of New Mexico at this time.

3. Town Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 3 of the Complaint.

4. In answer to paragraph 4 of the Complaint, Town Defendants admit that Defendant Torres was employed by the Bernalillo Police department. The remaining allegations are legal conclusions for which no response is required.

5. Paragraphs 5, 6, and 7 of the Complaint are admitted by Town Defendants.

6. Paragraphs 8 and 9 of the Complaint are denied by Town Defendants. Town Defendants affirmatively state that Steven Shutiva and Shaun [*sic*] Vigil are no longer employees of the Bernalillo Police Department.

7. In answer to paragraphs 10 and 11 of the Complaint, Town Defendants are without sufficient knowledge or information to form a belief as to the allegations therein.

8. In answer to paragraph 12 of the Complaint, Town Defendants admit the allegation that a domestic incident was reported to dispatch. Town Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in this paragraph.

9. In answer to paragraph 13 of the Complaint, Town Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein.

10. Paragraph 14 of the Complaint is admitted.

11. In answer to paragraph 15 of the Complaint, Town Defendants admit the allegation that Brandon Collins was driving a white vehicle. Town Defendant are without sufficient

knowledge or information to form a belief as to the remaining allegations contained in this paragraph.

12. Paragraph 16 of the Complaint is admitted.

13. In answer to paragraph 17 of the Complaint, Town Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein.

14. In answer to paragraph 18 of the Complaint, Town Defendants have no personal knowledge of the allegations therein. Additionally, the source of the quoted language is not identified. To the extent the quoted language is a direct quote from a recording of the incident, Town Defendants state that that the entire recording should speak for itself.

15. In answer to paragraph 19 of the Complaint, Town Defendants admit that Defendant Torres attempted to radio for additional units. As for the remaining allegations contained in this paragraph, Town Defendants have no personal knowledge of the allegations therein. Additionally, the source of the quoted language is not identified. To the extent the quoted language is a direct quote from a recording of the incident, Town Defendants state that that the entire recording should speak for itself.

16. In answer to paragraph 20 of the Complaint, Town Defendants have no personal knowledge of the allegations contained therein. Additionally, the source of the quoted language is not identified. To the extent the quoted language is a direct quote from a recording of the incident, Town Defendants state that that the entire recording should speak for itself.

17. In answer to paragraph 21 of the Complaint, Town Defendants admit the allegation that Defendant Torres attempted to request backup. With respect to the remaining allegations contained in this paragraph, Town Defendants have no personal knowledge of the

allegations contained therein. Additionally, the source of the quoted language is not identified. To the extent the quoted language is a direct quote from a recording of the incident, Town Defendants state that that the entire recording should speak for itself.

18. In answer to paragraph 22 of the Complaint, Town Defendants have no personal knowledge of the allegations contained therein.

19. In answer to paragraphs 23, 24, 25, and 26 of the Complaint, Town Defendants have no personal knowledge of the allegations contained therein. Additionally, the source of the quoted language is not identified. To the extent the quoted language is a direct quote from a recording of the incident, Town Defendants state that that the entire recording should speak for itself.

20. In answer to paragraph 27 of the Complaint, Town Defendants have no personal knowledge of the allegations contained therein. Town Defendants admit the allegation, however, that Defendant Torres tased Plaintiff Collins.

21. In answer to paragraphs 28 and 29 of the Complaint, Town Defendants have no personal knowledge of the allegations contained therein.

22. In answer to paragraph 30 of the Complaint, Town Defendants admit the allegation that Timothy Tyler arrived on the scene and Plaintiff spoke to him about what had happened. Town Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations therein.

23. Town Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 31 of the Complaint.

24. In answer to paragraph 32 of the Complaint, this paragraph appears to be a quote by Defendant Torres. However, the source of the quoted language is not identified. To the

extent the quoted language is a direct quote from a recording of the incident, Town Defendants state that that the entire recording should speak for itself.

25. Town Defendants can neither admit nor deny the allegations contained in paragraph 33 as they are vague.  It is unclear who in this paragraph is alleged to have been in a conversation with whom.

26. Town Defendants admit the allegations in paragraph 34 of the Complaint that Timothy Tyler asked Defendant Torres what had happened.  Town Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations therein.

27. In answer to paragraphs 35 and 36 of the Complaint, this paragraph appears to be a quote by Defendant Torres. However, the source of the quoted language is not identified.  To the extent the quoted language is a direct quote from a recording of the incident, Town Defendants state that that the entire recording should speak for itself.

28. In answer to paragraph 37 of the Complaint, Town Defendants deny the allegations therein. Additionally, the source of the quoted language is not identified.  To the extent the quoted language is a direct quote from a recording of the incident, Town Defendants state that that the entire recording should speak for itself.

29. In answer to paragraph 38 of the Complaint, Town Defendants admit the allegations that Plaintiff was released and that he filed a complaint form against Defendant Torres at the police station.  The remaining allegations contained in his paragraph are denied.

30. In answer to paragraphs 39, 40, and 41 of the Complaint, Town Defendants are without sufficient personal knowledge or information to form a belief as to the allegations therein.

31. In answer to paragraph 42 of the Complaint, Town Defendants are unsure which "incident" is being referred to in this paragraph and, therefore, has no knowledge or information as to that allegation in this paragraph. Town Defendants admit the allegations contained in the second sentence of this paragraph.

32. Paragraphs 43, 44, and 45 of the Complaint are admitted; however, Town Defendants state the referenced documents should speak for themselves.

33. Paragraphs 46 and 47 of the Complaint is admitted.

34. In answer to paragraph 48 of the Complaint, Town Defendants admit that no criminal charges were filed against Plaintiff. The remaining allegations are denied.

35. Town Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 49 and 50 of the Complaint.

36. In answer to paragraph 51 of the Complaint, Town Defendants reassert their answers, responses, and defenses as stated herein.

37. Paragraph 52 of the Complaint is a legal conclusion for which no response is required.

38. Paragraph 53 of the Complaint is denied.

39. Paragraph 54 of the Complaint is a legal conclusion for which no response is required.

40. Paragraphs 55, 56, 57, 58, and 59 of the Complaint are denied.

41. In answer to paragraph 60 of the Complaint, Town Defendants reassert their answers, responses, and defenses as stated herein.

42. Paragraphs 61, 62, 63, 64, 65, and 66 of the Complaint are not directed toward Town Defendants; they are asserted exclusively against Defendant Torres. Therefore, Town Defendants deny the allegations asserted therein.

43. In answer to paragraph 67 of the Complaint, Town Defendants reassert their answers, responses, and defenses as stated herein.

44. Paragraphs 68, 69, 70, 71, 72, and 73 of the Complaint are not directed toward Town Defendants; they are asserted exclusively against Defendant Torres.  Therefore, Town Defendants deny the allegations asserted therein.

45. In answer to paragraph 74 of the Complaint, Town Defendants reassert their answers, responses, and defenses as stated herein.

46. Paragraphs 75, 76, 77, 78, 79, and 80 of the Complaint are not directed toward Town Defendants; they are asserted exclusively against Defendant Torres.  Therefore, Town Defendants deny the allegations asserted therein.

47. In answer to paragraph 81 of the Complaint, Town Defendants reassert their answers, responses, and defenses as stated herein.

48. Paragraphs 82, 83, 84, 85, 86, 87, 88, 89, 90, and 91 of the Complaint are denied.

49. Town Defendants deny the allegations asserted in Plaintiff's prayer for relief.

## FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's injuries and damages were the result of Plaintiff's conduct, thereby barring the relief requested or reducing it some percentage extent depending upon the degree of fault apportioned to Plaintiff or other third parties pursuant to the rules of pure comparative negligence adopted by the State of New Mexico.

## THIRD DEFENSE

Plaintiff's Complaint is barred by its failure to comply with the notice provision of the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

### FOURTH DEFENSE

Plaintiff's Complaint for damages is limited pursuant to the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

### FIFTH DEFENSE

To the extent Plaintiff has failed to mitigate damages, he is thereby barred or reduced in any recovery.

### SIXTH DEFENSE

Some or all of the Plaintiff's causes of action are barred and Town Defendants have been conferred immunity from suit pursuant to the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

### SEVENTH DEFENSE

If Town Defendants were negligent, which negligence is specifically denied, their negligence was not the proximate cause of the damages to Plaintiff, thereby barring Plaintiff's recovery.

### EIGHTH DEFENSE

To the extent Plaintiff's conditions were pre-existing, he is thereby limited in recovery to an aggravation thereof.

### NINTH DEFENSE

Some or all of Plaintiff's claims are barred by the Statute of Limitations.

### TENTH DEFENSE

Plaintiff's claim for punitive damages is barred by the New Mexico Tort Claims Act.

### ELEVENTH DEFENSE

Plaintiff is not entitled to punitive damages against any Town Defendant as none acted willfully, recklessly or engaged in any grossly negligent conduct in disregard of Plaintiff's rights.

### TWELFTH DEFENSE

Based upon allegations contained in the Complaint, the individual Town Defendants are entitled to qualified immunity.

### THIRTEENTH DEFENSE

Town Defendants' alleged acts, omissions and/or other wrongs, which are denied, did not proximately cause any injury or damage to Plaintiff.

**WHEREFORE**, Town Defendants requests that Plaintiff's Complaint be dismissed with prejudice, for costs of suit, and for such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        BRENNAN & SULLIVAN, P.A.

By:   */s/ Christina L. G. Brennan*
      Christina L. G. Brennan
      128 East DeVargas
      Santa Fe, New Mexico 87501
      Christina@brennsull.com
      (505) 995-8514
      *Attorneys for Defendants Town, Romero, Stoyell, and Tyler*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of July, 2021, the foregoing was filed electronically through the Thirteenth Judicial District Court's Odyssey file and serve system and served via email to the following:

*/s/ Les Romaine*
Les Romaine, Esq.
Jerry Archuleta, Esq.
ARCHULETA ROMAINE LAW FIRM PC
3010 Sandia Cir
Santa Fe, NM 87505
(505) 908-7193
les@arnmlawyers.com
jerry@arnmlawyers.com
Attorneys for Plaintiff

By:   */s/ Christina L. G. Brennan*
      Christina L. G. Brennan